IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BYRON T. BROWN,<br><br>        Plaintiff,<br><br>vs.<br><br>CHRISTINE WORMUTH,<br>SECRETARY OF THE ARMY,<br><br>        Defendant. | CIV. NO. 21-00387 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO TRANSFER CASE TO THE UNITED STATES COURT OF FEDERAL CLAIMS PURSUANT TO 28 U.S.C. § 1491 [TUCKER ACT] |

**FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO TRANSFER
CASE TO THE UNITED STATES COURT OF FEDERAL
CLAIMS PURSUANT TO 28 U.S.C. § 1491 [TUCKER ACT]**

Defendants filed a Motion to Transfer Case to the United States Court of Federal Claims Pursuant to 28 U.S.C. § 1491 [Tucker Act] on November 5, 2021 ("Motion to Transfer" or "Motion"). ECF No. 13. Defendants argue that this court lacks subject matter jurisdiction and requests that this case be transferred to the United States Court of Federal Claims ("Court of Federal Claims"). The Court elects to decide the Motion without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

After careful review of the parties' submissions, records and files in this case, and applicable law, the Court **FINDS** that Plaintiff's claims fall within the Tucker Act such that the Court of Federal Claims has exclusive jurisdiction over this case. The Court thus **RECOMMENDS** the district court **GRANT** Plaintiff's Motion and transfer this case to the Court of Federal Claims for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff commenced this case by filing a Complaint for a Civil Case ("Complaint") on September 15, 2021. ECF No. 1. On November 3, 2021, Plaintiff filed an amendment to the Complaint ("First Amended Complaint"). ECF No. 12. In the First Amended Complaint, Plaintiff alleges he was relocated by his employer, and his employment contract with the U.S. Army Pacific provides for the reimbursement of real estate expenses for the sale of Plaintiff's residence and miscellaneous expenses, including costs for the quarantine of his pet. ECF No. 12 at PageID #: 32. The First Amended Complaint alleges three claims against Defendants Byron T. Brown and Christine E. Wormuth (collectively "Defendants"): (1) breach of contract for failure to compensate Plaintiff $19,082.00 for a real estate service charge and $57.55 in pet quarantine costs; (2) violation of due process for failure to inform newly recruited employees with an interpretation of the real estate benefits as required under 41 C.F.R. § 302-

2.103(e); and (3) legal expenses and costs incurred for efforts made to enforce the contract.

Defendant filed the Motion to Transfer on November 5, 2021. ECF No. 13. The Motion requests this case to be transferred to the Court of Federal Claims. Defendant alleges that the district court lacks subject matter jurisdiction because the Tucker Act, 28 U.S.C. § 1491 provides the Court of Federal Claims with exclusive jurisdiction of contract claims against the United States where the damages in excess of $10,000 are sought. Defendant argues that Plaintiff's claims are based on allegations of breach of implied contract arising from Plaintiff's employment with the U.S. Army and because Plaintiff seeks damages that exceed $10,000 (in the amount of $56,685.12), this case should be transferred to the Court of Federal Claims.

On November 22, 2021, Plaintiff filed a Position Statement on Defendant's Motion ("Opposition"). ECF No. 17. On November 23, 2021, the Court liberally construed Plaintiff's Position Statement as an opposition to the Motion to Transfer and elected to decide the Motion without a hearing pursuant to Local Rule 7.1(c). ECF No. 19. In the Opposition, Plaintiff argues that the Tucker Act does not state that the district court is precluded from jurisdiction and thus, the district court has concurrent jurisdiction with the Court of Federal Claims even if the damages sought exceed $10,000. Plaintiff also points out that his Complaint cites both a

violation of due process and breach of contract claims with separate remedies. However, Plaintiff concedes that "[i]f the violation of due process cannot be separated from the breach of contract, then the 'Little Tucker Act,' 28 U.S.C. § 1346 appears to force [his] case to the United States Court of Federal Claims . . . " ECF No. 17 at PageID #: 53.

On December 15, 2021, Defendant timely filed a Reply in Support of the Motion to Transfer. ECF No. 20. Defendant argues that Plaintiff's due process claim arises from and is dependent on his breach of contract claim and therefore, the Federal Court of Claims has exclusive subject matter jurisdiction over Plaintiff's case.

## **DISCUSSION**

The United States, as a sovereign, is immune from suit unless it has waived its immunity. Ins. Co. of the West v. United States, 243 F.3d 1367, 1372 (Fed. Cir. 2001). Sovereign immunity is a jurisdictional bar if the United States has not consented to be sued on a particular claim. RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998). The United States must express unequivocally its waiver of sovereign immunity, and the terms of the waiver define the court's jurisdiction. Id.; Ins. Co. of the West, 243 F.3d at 1372. A party bringing an action against the United States bears the burden of demonstrating an

unequivocal waiver of immunity.  Booth v. United States, 990 F.2d 617, 619 (Fed. Cir. 1993).

This case involves the Tucker Act, which waives sovereign immunity for express or limited contracts with the United States.  The Ninth Circuit has "read the Tucker Act and the Littler Tucker Act together to provide for jurisdiction solely in the Court of Federal Claims for Tucker Act claims seeking more than $10,000 in damages, and concurrent district court jurisdiction over claims seeking $10,000 or less."  Tritz v. United States Postal Serv., 721 F.3d 1133, 1137 (9th Cir. 2013) (footnote, citation & internal quotation marks omitted).  "If a Tucker Act claim is brought in district court for an amount over $10,000, the court may dismiss the claim for lack of subject matter jurisdiction or transfer the claim to the Court of Federal Claims; if the plaintiff wishes to remain in district court, he must waive his damages in excess of $10,000."  Dettling v. United States, 948 F. Supp. 2d 1116, 1129-30 (D. Haw. 2013) (citing Waters v. Rumsfeld, 320 F.3d 265, 271 (D.C. Cir. 2003).

The Court shall first evaluate whether the nature of Plaintiff's claims fall under the Tucker Act.  In this case, Plaintiff brought breach of contract and violation of due process claims.  As to Plaintiff's breach of contract claim, "Congress has effected a limited waiver of sovereign immunity in ['damage actions in contracts against the United States worth more than $10,000'] pursuant

to the Tucker and Little Tucker Acts." Munoz v. Mabus, 630 F.3d 856, 863 & n. 5 (9th Cir. 2010). The Court thus finds that Plaintiff's breach of contract claim against Defendants is subject to the Tucker Act.

As to Plaintiff's violation of due process claim, "[i]f a plaintiff's claim is concerned solely with rights created within the contractual relationship and has nothing to do with duties arising independently of the contract . . . [the] claim is founded . . . upon [a] . . . contract with the United States and is therefore within the Tucker Act and subject to its restrictions on relief.'" North Star Alaska v. United States, 14 F.3d 36, 37 (9th Cir. 1994) (citing North Side Lumber v. Block, 753 F.2d 1482, 1486 (9th Cir. 1985)) (citations & internal quotations omitted). The Court finds that Plaintiff's due process claim falls under this tenet. Plaintiff alleges he was denied a benefit provided in the contract and that his due process rights were violated because he was not informed of certain limitations or conditions to receive this benefit:

> At no time did my Agency notify me that real estate benefits [provided in the contract] would be denied if real estate firms used a particular business model even if it was a normal customary practice. This failure to notify me of the intended denial of an agreed upon benefit violates due process.

ECF No. 17 at PageID #: 53. Plaintiff's due process claim is inextricably intertwined with his breach of contract claim. Further, the true nature of the claims in the Complaint is the allegation of a breach of contract claim, as the relief

Plaintiff requests and damages he seeks relate to his breach of contract claim. ECF No. 12 at PageID #: 33. "[C]ourts . . . look to the action's true nature to prevent litigants from circumventing the [Federal] Claims Court's jurisdiction and thereby undermine the Tucker Act's purpose in ensuring 'a central body adjudicates most claims against the United States Treasury.'" Matsuo v. United States, 416 F. Supp. 2d 982, 989 (D. Haw. 2006) (citing Kidwell v. Dep't of Army, Bd. for Correction of Military Records, 56 F.3d 279, 284 (D.C. Cir. 1995)) (citation omitted). Accordingly, the Court finds that Plaintiff's due process claim also falls within the Tucker Act jurisdiction.

Plaintiff argues that because the Tucker Act does not explicitly state that the district court does not have jurisdiction, the district court is not precluded from jurisdiction or hearing this case. Plaintiff is mistaken. "All federal courts are courts of limited jurisdiction, and it is the duty of a federal court to examine its jurisdiction over every claim before it assumes jurisdiction over the claim." RHI Holdings, Inc., 142 F.3d 1459, 1461 (Fed. Cir. 1998) (citation omitted). Waiver of sovereign immunity by the United States is jurisdictional and thus, the **waivers must be explicit and cannot be implied**. Id. (citing United States v. Testan, 424 U.S. 392, 399 (1976)) (citations omitted) (emphasis added). Accordingly, when federal courts determine jurisdiction, the waiver of sovereign immunity (which is jurisdictional) must be clear and cannot be merely inferred or deduced. When

7

legal authority provides a court with jurisdiction and is silent on another, this does not mean that there is concurrent jurisdiction conferred on the other by virtue of not being explicitly excluded. In other words, the legal authority must explicitly grant jurisdiction in order for the district court to have jurisdiction. The Court finds that the district court does not have concurrent jurisdiction with the Court of Federal Claims for breach of contract claims that exceed $10,000.

## **CONCLUSION**

Based on the foregoing, the Court **FINDS** that Plaintiff's breach of contract and due process claims are subject to the Tucker Act. Plaintiff seeks damages in the amount of $56,685.12. Because Plaintiff does not indicate that he intends to waive any portion of his damages that exceed $10,000, the Court **FINDS** that the Court of Federal Claims has sole jurisdiction over this case. As such, the Court **RECOMMENDS** that the district court **GRANT** Defendants' Motion and order the transfer of this case to the Court of Federal Claims for lack of subject matter jurisdiction.

//

//

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 9, 2022.

Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00387 DKW-RT; *Byron T. Brown vs. Christine Wormuth, Secretary of the Army*; Findings and Recommendation to Grant Defendants' Motion to Transfer Case to the United States Court of Federal Claims Pursuant to 28 U.S.C. § 1491 [Tucker Act]